IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HOWARD DALE NIELSON                                                                          PLAINTIFF

v.                                        Civil No. 4:24-cv-04066-SOH-MEF

CAPTAIN TRACEY SMITH, *et. al.*                                                            DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to obey the Court's Orders and failure to prosecute this case.

### I.     BACKGROUND

Plaintiff filed his Complaint on June 24, 2024. (ECF No. 1). The Order granting him *in forma pauperis* ("IFP") status advised him that he must keep the Court informed of his mailing address or his case would be subject to dismissal. (ECF No. 3). That same Order directed Plaintiff to submit an Amended Complaint to correct deficiencies in his Complaint. (*Id.*). When Plaintiff failed to do so, the Court entered a Show Cause Order directing him to Respond by August 8, 2024. (ECF No. 6). On July 30, 2024, mail sent to Plaintiff in the Little River County Detention was returned as undeliverable, and Plaintiff was given until August 29, 2024, to inform the Court of his new address. (ECF No. 7). On August 1, 2024, Plaintiff's Amended Complaint arrived for filing. (ECF No. 8). The return address was the Little River Detention Center. (*Id.*). On August 13, 2024, mail sent to Plaintiff at the Little River Detention Center was again returned

1

undeliverable. (ECF No. 9). The deadline for Plaintiff to inform the Court of his new address was set for September 12, 2024. (*Id.*). To date, Plaintiff has not informed the Court of his new address.

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.     ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with a Court Order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Amended Complaint (ECF No. 8) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of September 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE